IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAVARR CURTIS, | § | |
| | § | No. 74, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2301009225 & |
| STATE OF DELAWARE, | § | 2404005347 (K) |
| | § | |
| Appellee. | § | |

Submitted: July 10, 2025
Decided: September 2, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) The appellant, Javarr Curtis, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Curtis's opening brief that his appeal is without merit. We agree and affirm.

(2) In May 2023, a grand jury charged Curtis with multiple weapon crimes in Cr. ID No. 2301009225. Later that month Curtis pleaded guilty to carrying a concealed deadly weapon ("CCDW") in exchange for dismissal of the other charges.

The Superior Court sentenced Curtis, effective May 23, 2023, to eight years of Level V incarceration, suspended for eighteen months of Level III supervision. In February 2024, the Superior Court found that Curtis had violated his probation and sentenced him, effective January 26, 2024, to seven years and seven months of Level V incarceration, suspended for eighteen months of Level III GPS supervision.

(3) In April 2024, Curtis was arrested for new crimes in Cr. ID No. 2404005347. He was charged by information with carrying a concealed dangerous instrument ("CCDI"). He was also charged with a VOP in Cr. ID No. 2301009225. He resolved both cases in June 2024 by pleading guilty to CCDI in Criminal ID No. 2404005347 and admitting to a VOP in Cr. ID No. 2301009225. The Superior Court sentenced Curtis as follows: (i) for CCDW, effective April 12, 2024, seven years and two months of Level V incarceration, suspended after five months for one year of Level III GPS supervision; and (ii) for CCDI, one year of Level V incarceration, suspended for one year of Level II supervision.

(4) In December 2024, Curtis was again charged with violating his probation. The administrative warrant alleged that Curtis had violated his probation by: (i) leaving the scene of a property collision accident and driving without a license on December 1, 2024; (ii) possessing heroin and tampering with evidence on December 21, 2024; (iii) having contact with a person he was prohibited from

2

contacting; and (iv) violating his curfew. The VOP report further alleged that Curtis had failed to pay his fines and failed to obtain full time employment.

(5) On January 13, 2025, the Superior Court found that Curtis had violated his probation. The Superior Court sentenced Curtis as follows: (i) for CCDW, effective December 22, 2024, six years and eight months of Level V incarceration, suspended after one year to be served under 11 *Del. C.* § 4204(k), followed by eighteen months of Level III GPS supervision; and (ii) for CCDI, one year of level V incarceration, suspended for eighteen months of Level III GPS supervision. This appeal followed.

(6) In his opening brief, Curtis argues that the evidence presented at the VOP hearing was insufficient to demonstrate that he violated his probation, emphasizing that he was homeless at the time of the reported curfew violations and that the new criminal charges were dismissed. He also contends that Senate Bill 4 affords him relief from his VOP.

(7) These arguments are unavailing. Unlike in a criminal trial, the State "need prove by only by a preponderance of the evidence that a violation of probation occurred," which is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[1]

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (internal quotations omitted).

(8) At the VOP hearing, Curtis's counsel admitted the curfew violations while highlighting Curtis's homelessness, his contact with a prohibited person for transportation to a probation appointment, and his failure to obtain full time employment. As to the criminal charges, Curtis's counsel advised that the charges arising from the December 21, 2024 incident had been dismissed. Curtis's counsel did not address the charges arising from the December 1, 2024 incident.

(9) The probation officer stated that Curtis had been offered services to assist with housing and employment, but Curtis chose not to pursue those services. The Superior Court found that Curtis had violated his probation, highlighting that there were multiple curfew violations with the GPS device showing that Curtis was moving throughout the downstate area when he was supposed to be in one place, and that Curtis had declined services that would assist him with housing and employment. In light of his admissions and the record, Curtis has not demonstrated that the Superior Court lacked sufficient evidence to find that he violated his probation.

(10) As to Curtis's reliance on Senate Bill 4, the General Assembly recently enacted amendments to the probation provisions of Title 11. Those amendments are not effective until December 28, 2025 and do not apply here. Although Curtis's claims have no merit, we note that the probationary period of his VOP sentence for

4

CCDI exceeds the one-year statutory limit for crimes that are neither violent nor drug-related.[2] The VOP sentence for CCDI therefore must be corrected.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, the judgment of the Superior Court is AFFIRMED, and Curtis's sentence is remanded for correction of the probation sentence imposed in Cr. ID No. 2404005347. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] 11 *Del. C.* § 4333(b)(3) (providing, in part, that the length of any probationary period for shall be limited to one year for offense that is neither violent nor drug-related).

5